IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02001-BNB

ERIC ADAMS,

    Applicant,

v.

D. BERKEBILE, Warden,

    Respondent.

---

# ORDER

---

    Plaintiff, Eric Adams, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado.  Originally, Mr. Adams, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paying the $5 filing fee.

    In an order entered on July 31, 2013, the Court found that Mr. Adams is asserting conditions of confinement claims rather than habeas corpus claims in this action.  The Court construed the action as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and instructed Mr. Adams to submit his claims on a Court-approved form used in filing prisoner complaints.  Mr. Adams also was instructed to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desired to proceed *in forma pauperis*.  Otherwise, he was directed to pay the remaining $395.00 balance of the $400 filing fee in full.

Rather than comply with the July 31 Order, Mr. Adams filed a "Motion Pursuant to Fed. R. Civ. P. Rule 54(b)," ECF No. 4.

In the Application, Mr. Adams claims that he was given a bag meal for five days in violation of Program Statement 4700.06. As relief, Mr. Adams seeks an extra meal for five days, or in the alternative thirty honey buns. In the Rule 54(b) Motion, Mr. Adams contends that because he is filing this action against BOP staff in their official capacities the action is construed as filed against the United States and properly is filed under § 2241.

Nothing Mr. Adams asserts in the Rule 54(b) Motion supports a finding that the alleged violation of PS 4700.06 is properly filed in a § 2241 action. Even though a claim for injunctive relief alone may not be filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Mr. Adams may pursue his claims challenging any alleged constitutionality of the program statements and related requests for injunctive relief in a civil rights action under 28 U.S.C. § 1331. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231–32, 1236 (10th Cir. 2005) (stating that 28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement). The Court, therefore, will deny the Rule 54(b) Motion. Accordingly, it is

ORDERED that the Motion Pursuant to Fed. R. Civ. P. Rule 54(b), ECF No. 4, is denied. It is

FURTHER ORDERED that Mr. Adams shall have thirty days from the date of this Order to comply with the July 31, 2013 Order. It is

FURTHER ORDERED that if Mr. Adams fails to comply within the time allowed the action will be dismissed without further notice.

DATED September 17, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge